(110 So. 412)
## COLEY v. STATE. (4 Div. 242.)

(Court of Appeals of Alabama. Nov. 16, 1926.)

1. **Criminal law ⚌⟹1056(1), 1066—Where exceptions were not reserved, refusal of written charges and denying new trial present no question.**

   Error in refusal of written charges and overruling motion for new trial is not presented, in absence of exceptions being reserved.

2. **Criminal law ⚌⟹809—Involved unintelligible charge, portions of which were abstract, held rightly refused.**

   Involved and unintelligible charge was properly refused, especially as portions of it were abstract.

3. **Criminal law ⚌⟹829(1)—Refusing charges containing correct propositions of law but fairly and substantially covered by oral charge was proper (Code 1923, § 9509).**

   Charges containing correct propositions of law were properly refused when fairly and substantially covered by court's oral charge, under Code 1923, § 9509.

4. **Criminal law ⚌⟹1184—Conviction will not be affected by error in wording of sentence.**

   Error in wording sentence will not affect judgment of conviction and will be corrected.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

George Coley was convicted of distilling and possessing a still, and he appeals. Affirmed.

Ballard & Brassell, of Troy, for appellant.

Counsel argue for error in refusal of the affirmative charge and overruling motion for new trial, citing Parsons v. State, 20 Ala. App. 615, 104 So. 556; Barker v. State, 20 Ala. App. 564, 103 So. 914; Stanley v. State, 20 Ala. App. 387, 102 So. 245; Moody v. State, 20 Ala. App. 572, 104 So. 142; Leith v. State, 20 Ala. App. 251, 101 So. 336; Hill v. State, 19 Ala. App. 483, 98 So. 317; Gray v. State, 19 Ala. App. 661, 100 So. 81.

Harwell G. Davis, Atty. Gen., for the State.
Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] The points of decision involved upon this appeal consist of the action of the court in refusing to defendant several written charges requested, and also the overruling of his motion for a new trial. No exceptions were reserved during the progress of the trial. This applies also to the ruling of the court in denying the motion for a new trial; therefore that question is not presented.

We have read, and carefully considered, all of the evidence adduced upon this trial and are of the opinion that a jury question was presented. It follows therefore that the several written charges of an affirmative nature were inapt and properly refused.

[2] Refused charge 10 is involved, and unintelligible, and was properly refused. Portions of said charge are also abstract.

[3] Such of the remaining refused charges as contain correct propositions of law were properly refused for the reason they were fairly and substantially covered by the court's oral charge. The statute expressly provides that the refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge, etc. Code 1923, § 9509.

[4] We regard the criticism contained in appellant's brief relative to the sentence imposed as being hypercritical. In any event, an error in the wording of the sentence would not affect the judgment of conviction, and if error appeared in the wording of the sentence an order would be here entered correcting the sentence or remanding the case to the lower court for proper sentence. No such necessity appears in this case.

The record proper is without error. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.